IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Keith Simpson, | ) | Civil Action No. 2:19-cv-2245-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Warden Joseph McFadden, *individually* | ) | |
| *and/or in his official capacity as warden of* | ) | |
| *Lieber Correctional Institution*; Correctional | ) | |
| Officer Dennis, *individually and/or in his* | ) | |
| *official capacity as an employee of Lieber* | ) | |
| *Correctional Institution*; Correctional | ) | |
| Officer Kelly, *individually and/or in his* | ) | |
| *official capacity as an employee of Lieber* | ) | |
| *Correctional Institution*; Correctional | ) | |
| Officer McKie, *individually and/or in his* | ) | |
| *official capacity as an employee of Lieber* | ) | |
| *Correctional Institution*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 66) recommending the Court grant Defendants South Carolina Department of Corrections, Warden Joseph McFadden, and Correctional Officers Dennis, Kelly, and McKie's Motion for Sumary Judgment (Dkt. No. 50). For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendants' Motion for Summary to the extent that Plaintiff's 42. U.S.C. § 1983 claim against the South Carolina Department of Corrections is dismissed. All remaining state law claims are remanded.

I. **Background**

This civil action arises from an alleged inmate-on-inmate attack that occurred at Lieber

Correctional Institution ("Lieber"), wherein Plaintiff Keith Simpson was attacked in his room by "several inmates." (Dkt. No. 2 at 12). Plaintiff, a diabetic, alleges he was assaulted on May 7, 2016, after he returned to his dorm from medical for an insulin shot. (*Id.*). Plaintiff alleges that Defendant Correctional Officer Dennis walked by Plaintiff's room "and did not lock his door." (*Id.*). Shortly thereafter, "several inmates with towels wrapped around their heads entered into his room and began beating him with sticks and stabbing him with shanks; the attack lasted approximately 15 to 20 minutes." (*Id.*). Plaintiff alleges that he stayed in his room "all night even through count and no correctional officer helped him even though there was blood all over the room." (*Id.*). According to Plaintiff, he was eventually taken to the Medical University of South Carolina after "medical came to his room to give him the insulin and found him all bloody." (*Id.*). Simpson suffered a nasal bone fracture and laceration from the assault. (*Id.*).

Specific to Plaintiff, the Complaint alleges four causes of action: (1) injunctive relief pursuant to S.C. Code Ann. § 15-43-30 and 42 U.S.C. § 1983; (2) deliberate indifference against Defendant McFadden "and any named Defendant correctional officers" pursuant to § 1983; (3) failure to implement appropriate policies, customs, and practices against Defendant McFadden pursuant to § 1983; and (4) violation of the South Carolina Tort Claims Act ("SCTCA") against SCDC, Defendant McFadden, "and any named Defendant correctional officers." (*Id.* at 15–21).

On October 7, 2019, Defendants filed a Motion for Summary Judgment. (Dkt. No. 50). Plaintiff filed a response in opposition on October 21, 2019. (Dkt. No. 55). In his Opposition, Plaintiff agreed to withdraw "all 42 U.S.C. § 1983 claims against Defendant Warden Joseph McFadden, Correctional Officer Dennis, Correctional Officer Kelly, and Correctional Officer McKie" but not his § 1983 claim against Defendant SCDC for injunctive relief. (Dkt. No. 55 at

9). Defendants filed a reply brief on October 28, 2019. (Dkt. No. 58). Defendants' motion has been fully briefed and is ripe for disposition.

## II. <u>Legal Standard</u>

### A. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically object. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983)). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

### B. **Motion for Summary Judgment**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in

favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

Having withdrawn all but one § 1983 claim, (Dkt. No. 55 at 9), Plaintiff's remaining claims are: (1) a § 1983 claim against Defendant SCDC for injunctive relief; (2) a cause of action for violation of the SCTCA against Defendants SCDC, Warden McFadden, and "any named Defendant correctional officer"; and (3) a claim for injunctive relief pursuant to S.C. Code Ann. § 15-43-30. (Dkt. No. 2).

#### A. Plaintiff's § 1983 Claim for Injunctive Relief Against SCDC

Defendants assert that Plaintiff's § 1983 claim against SCDC is barred under the Eleventh Amendment. (Dkt. No. 50 at 4-6, 22). Plaintiff responds that SCDC waived sovereign immunity by voluntarily removing this action to federal court, and that the Eleventh Amendment only "shields a state entity from suit in federal court for recovery of monetary damages." (Dkt. No. 55 at 10). Defendants are correct – the Eleventh Amendment bars Plaintiff's § 1983 claim against SCDC, even if only for injunctive relief.

The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (barring actions against

states or state agencies, including actions for injunctive relief); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890). Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). SCDC is a "a state agency" and thus "an arm of the State of South Carolina."[1] *Abebe v. S.C. Dep't of Corr.*, No. 0:09-cv-3111-MBS-PJ, 2010 WL 2991595, at *2 (D.S.C. July 2, 2010), *adopted in part*, 2010 WL 3258595 (D.S.C. Aug. 16, 2010). "As such, the Eleventh Amendment protects SCDC from suit whether money damages or *injunctive* relief is sought." *Id.* (citing *Alabama*, 438 U.S. at 782) (emphasis supplied). Further, Congress did not abrogate the States' sovereign immunity when it enacted § 1983, *Will*, 491 U.S. at 64 ("[A] State is not a person within the meaning of § 1983"), nor has South Carolina consented to suit in federal court, *Rogers v. South Carolina Dept. of Corrections*, No. 1:18-3251-MGL-SVH, 2019 WL 184343, at *1 & n.1 (D.S.C. Jan. 14, 2019) (South Carolina "has not consented to suit in federal district court") (citing S.C. Code Ann. § 15-78-20(e)). In sum, SCDC is not subject to suit under § 1983.

---

[1] Though Plaintiff withdrew all § 1983 claims against the individual Defendants, the Court notes that as employees of SCDC, Defendants McFadden, Dennis, Kelly, and McKie are entitled to Eleventh Amendment immunity as to any claims brought against them in their official capacities. *See, e.g., Rhoden v. South Carolina Dep't of Corr.*, No. 4:17-cv-2537-HMH-TER, 2017 WL 9288217, at *3 (D.S.C. Oct. 4, 2017) (finding claims against prison warden in his official capacity should be dismissed because warden is entitled to Eleventh Amendment immunity), *adopted by*, 2017 WL 5494126 (D.S.C. Nov. 16, 2017), *amended*, 2017 WL 6032341 (D.S.C. Dec. 6, 2017); *Edwards v. Patell*, No. 4:06-cv-0748-HFF-TER, 2007 WL 2428548, at *8 (D.S.C. Aug. 21, 2007) (dismissing claims brought against defendant "employee of SCDC" in his official capacity).

Defendants' voluntary removal to federal court does not change this. In *Lapides v. Board of Regents*, the Supreme Court held that where a state had already consented to suit in its own courts, said state could not *regain* immunity by removing to federal court and seeking dismissal on the basis of the Eleventh Amendment. 535 U.S. 613, 616 (2002). On the other hand, the Fourth Circuit has distinguished *Lapides* and held that where a state has *not* consented to suit in its own courts, a state's invocation of a federal forum does not serve to waive sovereign immunity. *Stewart v. North Carolina*, 393 F.3d 484 (4th Cir. 2005) (distinguishing *Lapides* and providing that states may "employ removal in the same manner as any other defendant facing federal claims" without waiving sovereign immunity); *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019) (rejecting argument that the Commonwealth waived its sovereign immunity to a Title I ADA claim by removing case to federal court). Contrary to Plaintiff's contentions, the situation here is like that in *Stewart*. By removing to federal court, Defendant SCDC did not waive its immunity and is still an improper § 1983 defendant.

Further, Plaintiff's assertion that the Eleventh Amendment does not bar federal claims against SCDC for injunctive relief is incorrect. In *Ex Parte Young*, the Supreme Court held that, although prohibited from giving orders directly to a State, federal courts could enjoin state *officials* in their official capacities. 209 U.S. 123, 155–56 (1908). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. at 155-56); *see Woods v. S.C. Dep't of Health & Human Servs.*, No. 3:18-cv-00834-MGLKDW, 2019 WL 1995136, at *6 (D.S.C. Apr. 18, 2019) (finding that a "claim for prospective injunctive relief permitted by *Ex Parte Young* . . .

would be brought against state officers or agency employees in their official capacities"), *adopted by*, 2019 WL 1995511 (D.S.C. May 6, 2019). Here, *Ex Parte Young* is inapplicable. Plaintiffs have voluntarily withdrawn all § 1983 claims against individual Defendants. SCDC, a state agency, is the lone remaining § 1983 Defendant, and retains its immunity under the Eleventh Amendment regardless of the type of relief sought. *Abebe*, 2010 WL 2991595, at *2; *Alabama*, 438 U.S. at 782. Plaintiff's § 1983 claim against SCDC is dismissed.

### B. Plaintiff's Remaining State Law Claims

As Plaintiff's § 1983 claim against SCDC is dismissed, only Plaintiff's state law claims remain. By enacting the SCTCA, South Carolina generally consents to suit for tort claims filed against it in state court. *Briggs v. South Carolina Dept. of Corrections*, No. 13-cv-1348, 2014 WL 1278173, at *21 (Mar. 27, 2014); *see also Lapides*, 535 U.S. at 619 ("A State's voluntary appearance in federal court waives sovereign immunity for claims where a state has consented to suit in its own courts for such claims").

However, as no federal claim remains, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. "[O]nce a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction." *Yashenko v. Harrah's of NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353-54 (1988)). A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C § 1367(c)(3). When determining whether to exercise supplemental jurisdiction over state law claims, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and

considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Cohill*, 484 U.S. at 350 n.7).

Here, the Court finds that no party would be inconvenienced or unfairly prejudiced by declining to exercise supplemental jurisdiction over the remaining state law claims, nor does the Court find there to be underlying issues of federal policy in Plaintiff's state law claims. For reasons of comity and judicial economy, the Court remands Plaintiff's remaining claims to Dorchester County. *See, e.g., Johnson v. Ozmint*, No. 9:08-cv-0431-PMD-BM, 2009 WL 252152, at *6 (D.S.C. Feb. 2, 2009) (dismissing federal claims and noting, "[w]ith respect to these remaining state law causes of action, when federal claims presented in a case which has been removed to federal court from state court are dismissed, the case should be remanded to state court for resolution of any remaining state law claims . . . .").

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 66) is **ADOPTED** as the order of the Court. Defendants' Motion for Summary Judgment (Dkt. No 50) is **GRANTED** to the extent that Plaintiff's § 1983 claim against SCDC is **DISMISSED WITH PREJUDICE**. Plaintiff's remaining state law claims are **REMANDED** to Dorchester County.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 6, 2020
Charleston, South Carolina